UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVIDELIO GONZALO VALDES,

      Petitioner,

   v.                        Case No.:  2:26-cv-00303-SPC-NPM

WARDEN OF ALLIGATOR
ALCATRAZ,

      Respondent,

                                   /

## OPINION AND ORDER

Before the Court is Evidelio Gonzalo Valdes's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Gonzalo Valdes claims his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  But the petition lacks sufficient detail to warrant habeas relief.

Courts in this district and around the country have found recent changes to ICE policies on bond hearings unlawful as applied in certain situations. *See, e.g.*, *Bautista v. Santacruz,* --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  But Gonzalo Valdes does not provide enough detail for the Court to determine whether the government has violated his rights.  The petition does not include potentially important facts, like when and how he entered the country, his current immigration status, the status of any removal proceedings, and the circumstances of his arrest.  Conclusory allegations are

not enough to warrant habeas relief.  *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

Also, the petition appears to be signed by someone other than the petitioner.  "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  The latter part of that provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id.* 1t 163.  The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee.  *Id.*  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."  *Id.* at 164.

The Court finds that Gonzalo Valdes is not entitled to habeas relief on any ground in his petition.  Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**.  Gonzalo Valdes may file an amended petition within **21 days** of this order.  Otherwise, the Court will enter judgment and close this case without further notice.  If someone other than Gonzalo Valdes seeks to

sign an amended petition on his behalf, that person must justify "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on February 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1